IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Petitioner,<br><br>vs.<br><br>AN AGGREGATED TOTAL OF $512,894.00,<br>MORE OR LESS, IN UNITED STATES<br>CURRENCY,<br><br>2012 VOLKSWAGEN PASSAT,<br>VIN: 1VWBN7A30CC068407,<br><br>BITCOIN ACCOUNT, WALLET ADDRESS:<br>1LMwVh5mXTkUfpJmqrLc4zfga9y2iYChgi,<br>CONTAINING 164.57107207 bitcoins,<br><br>BITCOIN ACCOUNT, WALLET ADDRESS:<br>1KasRGy5K1rW8Yxf66S4tBRipBJzMX67Ly,<br>CONTAINING 28.988387 bitcoins, and<br><br>ROYAL SOVEREIGN INTERNATIONAL<br>MONEY COUNTER, MODEL RBC-1003BK,<br>SERIAL #K1207LA09668,<br>Respondents. | Civil Action No. A-14-CV-645 SS |

## UNITED STATES' MOTION FOR FINAL DEFAULT JUDGMENT OF FORFEITURE

TO THE HONORABLE SAM SPARKS, UNITED STATES DISTRICT JUDGE:

NOW COMES Petitioner United States of America ("the United States"), by and through the Acting U.S. Attorney for the Western District of Texas, and respectfully moves this Court, pursuant to FED. R. CIV. P. 55(b)(2), for entry of a Final Default Judgment of Forfeiture against the Respondent Properties and against any and all right, title, and interest of Joshua Gatewood and any and all other potential claimants in the Respondent Properties. In support thereof, the United States respectfully offers the following:

## I. RESPONDENT PROPERTIES

The following personal properties are collectively referred to as "the Respondent Properties" throughout this motion:

- **An Aggregated Total of $512,894.00, more or less, in United States currency;**

- **2012 Volkswagen Passat, VIN: 1VWBN7A30CC068407;**

- **Bitcoin Account, Wallet Address: 1LMwVh5mXTkUfpJmqrLc4zfga9y2iYChgi, containing 164.57107207 bitcoins;**

- **Bitcoin Account Wallet Address: 1KasRGy5K1rW8Yxf66S4tBRipBJzMX67Ly, Containing 28.988387 bitcoins; and**

- **Royal Sovereign International Money Counter, Model RBC-1003BK, Serial No. K1207LA09668.**

## II. STATEMENT OF THE CASE

On July 10, 2014, the United States filed a Verified Complaint for Forfeiture (Doc. 1) and Facts Pertinent to Violations in Support of Verified Complaint for Forfeiture (Doc. 4) against the Respondent Properties. The United States seeks the forfeiture of the Respondent Properties pursuant to 21 U.S.C. § 881(a)(4 & 6) and 18 U.S.C. § 981(a)(1)(A & C), contending that the properties were involved in, or are traceable to properties involved in, and/or were used, or intended to be used, in exchange to facilitate unlawful drug activities.

On July 14, 2014, this Court issued an Order for Warrant of Arrest of Property. (Doc. 5). Accordingly, a Warrant for Arrest of Property (Doc. 6) was served upon the Respondent Properties on July 16, 2014. (Doc. 7). The Notice of Complaint of Forfeiture was duly published on an official government internet (www.forfeiture.gov) site for at least 30 consecutive days beginning on July 18, 2014, and ending on August 16, 2014, as required by Rule

G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The Declaration of Publication was filed on August 19, 2014. (Doc. 11).

In addition to the publication of public notice, the following individuals were served with notice of this civil forfeiture action:

1. Joshua Gatewood received personal service on July 21, 2014 (Doc. 10);

2. Guillermo Gonzalez, Attorney for Joshua Gatewood, received personal service on July 29, 2014 (Doc. 8); and

3. Any and all other potential claimants were served by publication of public notice of the filing of the Verified Complaint for Forfeiture against the Respondent Properties.

## III. GROUNDS FOR MOTION

This motion is supported by the Verified Complaint for Forfeiture (Doc. 1), and by the Acknowledgment of Assistant United States Attorney Daniel M. Castillo which is incorporated herein, and thereby serves as the affidavit of Daniel M. Castillo.

To the best of the undersigned's belief, only the parties served herein have an interest in the Respondent Properties. The undersigned is not aware of a minor child, incompetent person, or person in the military with an interest in this action. The United States' claim is for a sum certain or a sum which by computation can be made certain.

The undersigned knows of no reason why a default judgment in favor of the United States should not be entered against the Respondent Properties, defaulting any and all right, title, and interest of Joshua Gatewood and any and all other potential claimants in the Respondent Properties.

3

Pursuant to the provisions of FED. R. CIV. P. 55(b)(2), it is within the discretion of this Court to enter a judgment of default in favor of the United States for the Respondent Properties against any and all right, title, and interest of Joshua Gatewood and any and all other potential third party claimants in the Respondent Properties.

FED. R. CIV. P. 55(a) provides:

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

A default judgment must be entered by the clerk upon request of the plaintiff and an affidavit of the amount due "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation" and if the defaulting party is not a minor or an incompetent person. FED. R. CIV. P. 55(b)(1). "In all other cases, the party must apply to the court for a default judgment." FED. R. CIV. P. 55(b)(2).

Failure of the claimant to file either a verified claim or an answer in a timely manner to the complaint for forfeiture requires the entry of default judgment. *See United States v. $23,000 in U.S. Currency*, 356 F.3d 157, 163 (1st Cir. 2004); *see also United States v. One 1978 Piper Navajo PA-31 Aircraft*, 748 F.2d 316, 318 (5th Cir. 1984).

The Fifth Circuit has held that a district court may order entry of a default for failure to comply with court rules of procedure. *Id.* at 318 n.4. Federal courts, in the exercise of discretion, have traditionally held claimants to strict compliance with the provisions of Rule C(6)[1] of the Supplemental Rules for Certain Admiralty and Maritime Claims. *See United States v. Three Parcels of Land, et al.*, 43 F.3d 388, 391 (8th Cir. 1994); *United States v. $38,750 U.S.*

---

[1] Supplemental Rule C was amended effective December 1, 2006, to reflect the adoption of Supplemental Rule G which currently governs the procedure in forfeiture actions.

4

*Currency*, 950 F.2d 1108, 1115 (5th Cir. 1992); *One 1978 Piper Navajo PA-31 Aircraft*, 748 F.2d at 318-19.

Here, any and all potential claimants were instructed that pursuant to Rule G, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, all persons asserting an interest in or claim against the Respondent Properties who have received direct notice of the forfeiture action must file a verified claim with the Clerk of the United States District Court, Western District of Texas, Austin Division, no later than **35 days** after the notice is sent. If notice was published, but direct notice was not sent to the claimant or the claimant's attorney, a verified claim must be filed with the Clerk of the United States District Court, Western District of Texas, Austin Division, no later than **60 days** from the first day of publication of the notice. Additionally, any person having filed such a claim shall also serve and file an answer to the complaint with the Clerk of the United States District Court, Western District of Texas, Austin Division, no later than **21 days** after filing the claim.

In the instant case, there are no pending claims. Therefore, based on the facts set forth in the instant motion and on the applicable statutes and case law, the United States requests that the Court forfeit the Respondent Properties to the United States.

The United States hereby moves this Court to enter a Final Default Judgment of Forfeiture in this case, thereby defaulting any and all right, title, and interest of Joshua Gatewood and any and all other potential third party claimants in the Respondent Properties.

The United States further moves the Court to find that it has proven by a preponderance of the evidence, by virtue of the facts submitted with the Verified Complaint that there is a nexus

between the Respondent Properties and the violations of 21 U.S.C. § 801 *et seq.*, and 18 U.S.C. § 1956 and that the Respondent Properties are subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(4 & 6) and 18 U.S.C. § 981(a)(1)(A & C).

The United States further moves this Court to order the Department of Treasury, Internal Revenue Service (IRS) and/or its designated agent to dispose of the Respondent Properties in accordance with law.

The United States further moves this Court to order that the IRS and/or its designated agent be reimbursed for any costs and expenses regarding the seizure, maintenance, custody, and control of the Respondent Properties.

## IV. **PRAYER**

WHEREFORE, PREMISES CONSIDERED, the United States respectfully moves this Court to enter a Final Default Judgment of Forfeiture in favor of the United States, against the Respondent Properties, and against any and all right, title, and interest of Joshua Gatewood and any and all other potential claimants in the Respondent Properties. The United States of America also seeks such other and further relief this Honorable Court deems just and proper.

Respectfully submitted,

RICHARD L. DURBIN, JR.
ACTING UNITED STATES ATTORNEY

By: *[signature]*
DANIEL M. CASTILLO
Assistant United States Attorney
Texas State Bar No. 00793481
816 Congress Avenue, Suite 1000
Austin, Texas 78701
(512) 916-5858 / fax (512) 916-5854
e:  daniel.castillo@usdoj.gov
ATTORNEYS FOR PETITIONER,
UNITED STATES OF AMERICA

## ACKNOWLEDGMENT OF DANIEL M. CASTILLO

| | |
|---|---|
| **STATE OF TEXAS** | § |
| | § |
| **COUNTY OF TRAVIS** | § |

Before me on April 13, 2015, personally appeared Assistant United States Attorney Daniel M. Castillo, whose signature appears above, and who swears and affirms that the information contained in the foregoing Motion for Final Default Judgment of Forfeiture is true and correct to the best of his knowledge.



_____
Notary Public in and for the State of Texas

My Commission Expires: November 17, 2018

## CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2015, the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System.

Service is not applicable as there are no parties to be notified of or served with this filing.

_____
DANIEL M. CASTILLO
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　Petitioner,<br><br>vs.<br><br>AN AGGREGATED TOTAL OF $512,894.00,<br>MORE OR LESS, IN UNITED STATES<br>CURRENCY,<br><br>2012 VOLKSWAGEN PASSAT,<br>VIN: 1VWBN7A30CC068407,<br><br>BITCOIN ACCOUNT, WALLET ADDRESS:<br>1LMwVh5mXTkUfpJmqrLc4zfga9y2iYChgi,<br>CONTAINING 164.57107207 bitcoins,<br><br>BITCOIN ACCOUNT, WALLET ADDRESS:<br>1KasRGy5K1rW8Yxf66S4tBRipBJzMX67Ly,<br>CONTAINING 28.988387 bitcoins, and<br><br>ROYAL SOVEREIGN INTERNATIONAL<br>MONEY COUNTER, MODEL RBC-1003BK,<br>SERIAL #K1207LA09668,<br>　　　　　Respondents. | Civil Action No. A-14-CV-645 SS |

## FINAL DEFAULT JUDGMENT OF FORFEITURE

Petitioner United States of America has moved this Court, pursuant to FED. R. CIV. P. 55(b)(2), for entry of a Final Default Judgment of Forfeiture in favor of the United States against:

- An Aggregated Total of $512,894.00, more or less, in United States currency;

- 2012 Volkswagen Passat, VIN: 1VWBN7A30CC068407;

- Bitcoin Account, Wallet Address: 1LMwVh5mXTkUfpJmqrLc4zfga9y2iYChgi, containing 164.57107207 bitcoins;

- Bitcoin Account Wallet Address: 1KasRGy5K1rW8Yxf66S4tBRipBJzMX67Ly, Containing 28.988387 bitcoins; and

- **Royal Sovereign International Money Counter, Model RBC-1003BK, Serial No. K1207LA09668**

(hereinafter referred to as "the Respondent Properties"), against any and all right, title, and interest of Joshua Gatewood and any and all other potential claimants in the Respondent Properties.

The Court finds that Petitioner has proven by a preponderance of the evidence that there is a nexus between the Respondent Properties and the violations of 21 U.S.C. §§ 801 *et seq.* and 18 U.S.C. § 1956 and that the Respondent Properties are subject to forfeiture to the United States pursuant to 21 U.S.C. §§ 881(a)(4 & 6) and 18 U.S.C. §§ 981(a)(1)(A & C).

The Court further finds that a Verified Complaint for Forfeiture (Doc.1) was filed on July 10, 2014, and that Joshua Gatewood was served with notice of this civil forfeiture action. All other potential claimants have been adequately served by publication of public notice.

The Court further finds that no verified claims or answers have been filed in this cause of action as required by Rule G, Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, and as required by this Court's Order for Warrant of Arrest of Property and for Notice (Doc. 5) entered on July 14, 2014.

Therefore, Joshua Gatewood and any and all other potential claimants are all now in default, and this Court, being duly and fully apprised in all the premises, is of the opinion that Petitioner's Motion is well-founded and should be, and hereby is, in all things GRANTED. THEREFORE, IT IS HEREBY

2

ORDERED that a Final Default Judgment of Forfeiture be, and hereby is, entered against the Respondent Properties and that the Respondent Properties be, and hereby are, FORFEITED to the United States of America; and IT IS FURTHER

ORDERED that any and all right, title, and interest of Joshua Gatewood in the Respondent Properties be, and hereby are, held in default and FORFEITED to the United States of America; and IT IS FURTHER

ORDERED that any and all right, title, and interest of any and all other potential claimants in the Respondent Properties be, and hereby are, held in default and FORFEITED to the United States of America; and IT IS FURTHER

ORDERED that the Department of Treasury, Internal Revenue Service (IRS) and/or its designated agent shall dispose of the Respondent Properties in accordance with law; and IT IS FURTHER

ORDERED that the IRS and/or its designated agent shall be reimbursed for any costs and expenses regarding the seizure, maintenance, custody, and control of the Respondent Properties.

IT IS SO ORDERED.

SIGNED this _____ day of _____, 2015.

_____
**SAM SPARKS**
**UNITED STATES DISTRICT JUDGE**